Ferreyra v Wayne (2024 NY Slip Op 00374)

Ferreyra v Wayne

2024 NY Slip Op 00374

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 805173/16 Appeal No. 1538 Case No. 2022-03654 

[*1]Maria Ferreyra, Plaintiff-Appellant,
v
Alyse Wayne, P.A. et al., Defendants-Respondents.

Rosenbaum & Rosenbaum, P.C., New York (Matthew T. Gammons of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for respondents.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 28, 2022, upon a jury verdict in defendants' favor, and bringing up for review trial and post-trial rulings which denied plaintiff's motion in limine to limit the testimony of defendants' expert and motions pursuant to CPLR 4401 and 4404(a) for a directed verdict and to set aside the verdict, unanimously affirmed, without costs.
The motion court properly denied plaintiff's motion to set aside the jury verdict pursuant to CPLR 4404(a). Contrary to plaintiff's contention, the jury's determination that defendant Nelson G. Botwinick, M.D., did not cut the A2 pulley when removing a cyst on plaintiff's index finger, and thus did not depart from good and accepted practice, was based on a fair interpretation of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). The record contains sufficient evidence, including medical records, witness testimony, and the operative report, to support this determination. Moreover, there is no basis to disturb the jury's crediting of defendants' expert testimony over plaintiff's expert's conflicting testimony (id. at 207). Because the verdict was based on a fair interpretation of the evidence, the court properly denied plaintiff's motion for a directed verdict pursuant to CPLR 4401.
In view of the foregoing, we need not address plaintiff's argument that the court committed reversible error by permitting defendants' expert to testify as to her sarcoidosis without disclosing same in their expert witness disclosure. In any event, plaintiff was not prejudiced by this ruling, as the court permitted plaintiff's expert's rebuttal testimony, and, ultimately, the jury considered only whether Dr. Botwinick cut the A2 pulley and did not make any findings as to causation or damages, the focus of the expert testimony on sarcoidosis (see CPLR 2002; Rocco v Ahmed, 146 AD3d 836, 839 [2d Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024